Green, J.
delivered the opinion of the court.
This is a petition for divorce; The petitioner filed his bill in the County of Montgomery, the place of his domicil, against his wife who lives separately from him in the county of Hardeman, and process of subpoena issued to the county of Hardeman and was served on the defendant there. The court dismissed the petition on the ground that it had no jurisdiction, and the complainant appealed to this court.
It is insisted upon the authority of Shelford on Mar. and Div. 488 33 Law Lib. 279, that the court of the county of the husband’s domicil, wheresoever the wife may be actually resident, has power to grant a divorce; that although she has her actual domicil in a different county, yet the husband’s *149 actual, is the wife’s legal domicil. And this is the doctrine of the English ecclesiastical courts; so that a citation to the husband’s domicil will be sufficient, provided the wife has actual notice. But in that case the citation issues to the County of the husband’s domicil, which was not done here. The process issued to the County of Hardeman, where the Montgomery County Circuit Court had no jurisdiction. Besides the 3d sec. of the act of 1835, provides that in cases for divorce the “complainant shall be. entitled to the usual process to compel the defendant to appear and answer the bill;” and the 14th sec. declares that where the wife exhibits her bill for divorce, the husband’s residence shall not be deemed her domicil.
These provisions of the act of 1835, seem to place the question of jurisdiction in divorce cases upon the same ground upon which cases in equity for the prosecution of other personal rights rest.
We think, therefore, the Circuit Court of Montgomery County had no jurisdiction of this cause, and that the petition was properly dismissed.